SEAN CUNNINGHAM (Bar No. 174931)
sean.cunningham@us.dlapiper.com
**DLA PIPER LLP (US)**
4365 Executive Drive, Suite 1100
San Diego, CA 92121
Tel: 858.677.1400
Fax: 858.677.1401

JAKE ZOLOTOREV (Bar No. 224260)
jake.zolotorev@us.dlapiper.com
**DLA Piper LLP (US)**
3203 Hanover Street, Suite 100
Palo Alto, CA 94304
Tel: 650-833-2000
Fax: 656-833-2001

CLAYTON THOMPSON (Bar No. 291331)
clayton.thompson@us.dlapiper.com
**DLA Piper LLP (US)**
1201 West Peachtree Street, Suite 2900
Atlanta, GA 30309
Tel: 404-736-7800
Fax: 404-682-7800

BENJAMIN YAGHOUBIAN (Bar No. 292318)
benjamin.yaghoubian@us.dlapiper.com
**DLA Piper LLP (US)**
2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, CA 90067
Tel: 310-595-3000

*Additional Counsel on Signature Page

Attorney for Plaintiff
LENOVO (UNITED STATES) INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Lenovo (United States) Inc., <br><br> Plaintiff, <br><br> v. <br><br> ASUSTeK Computer Inc.; ASUS Computer International, <br><br> Defendants. | Case No.: 23-CV-5892 <br><br> **COMPLAINT FOR PATENT INFRINGEMENT** <br><br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Lenovo (United States) Inc. ("Lenovo US"), by and through its undersigned counsel, brings this complaint for patent infringement against Defendants ASUSTeK Computer Inc. and ASUS Computer International (collectively "Defendants"). Lenovo US alleges on knowledge as to its own acts, and on information and belief as to the actions of others, as follows:

## NATURE OF THE ACTION

1. This is a civil action for patent infringement of U.S. Patent Nos. 10,952,203 ("the '203 Patent"), 7,792,066 ("the '066 Patent"), 7,760,189 ("the '189 Patent"), and 8,687,354 ("the '354 Patent") (collectively the "Asserted Patents") under the patent laws of the United States, 35 U.S.C. § 1, *et seq*.

## THE PARTIES

2. Lenovo US is a Delaware corporation with its principal place of business at 8001 Development Drive, Morrisville, North Carolina 27560.

3. Defendant ASUSTeK Computer Inc. ("ASUSTeK") is a foreign corporation organized and existing under the laws of Taiwan with a principal place of business at No. 15, Li-Te Road, Beitou District, Taipei 112, Taiwan. ASUSTeK develops, makes, distributes, supports, imports, offers to sell, and/or sells electronic computing products and components thereof that infringe the Asserted Patents, including for and to customers in this judicial district.

4. Defendant ASUS Computer International ("ASUS Computer") is a California corporation with its principal place of business at 48720 Kato Road, Fremont, California 94538. ASUS Computer is a wholly owned and controlled subsidiary of Defendant ASUSTeK and manages the North American operations of ASUSTeK, including its operations within this judicial district and within the United States as a whole.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over the patent infringement claims asserted in this case under 28 U.S.C. §§ 1331 and 1338.

6. This Court has personal jurisdiction over ASUSTeK because ASUSTeK has, directly or through its wholly owned and controlled subsidiary ASUS Computer, committed acts giving rise to this action within California and within this judicial district and/or has established

minimum contacts with California and with this judicial district such that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice. ASUSTeK has placed, and is continuing to place, infringing products into the stream of commerce, via an established distribution channel with the knowledge and/or understanding that such products are sold in California, including in this judicial district. This established distribution channel includes ASUSTeK's wholly owned and controlled subsidiary ASUS Computer, which is a California corporation with a principal place of business in this judicial district. Upon information and belief, ASUSTeK has derived substantial revenue from its infringing acts occurring within the state of California and within this judicial district.

7. This Court has personal jurisdiction over ASUS Computer because it is a California corporation with a principal place of business at 48720 Kato Road, Fremont, California 94538, which is within this judicial district. ASUS Computer has availed itself of the laws of the State of California by incorporating in the State and by operating its headquarters in Fremont, California, which is a location within this judicial district from which it conducts regular and systematic business activities, including those that give rise to its infringement of Lenovo US's patents.

8. Venue is proper as to ASUSTeK in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) because ASUSTeK is a foreign corporation that may be sued in any judicial district. Venue is proper as to ASUS Computer in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1400(b) because ASUS Computer is incorporated in California with its principle place of business in Fremont, California and is thus a resident of this judicial district.

**DIVISIONAL ASSIGNMENT**

9. In accordance with Civil Local Rules 3-2(c) and 3-5(b), Lenovo US alleges that this action is subject to district-wide assignment pursuant to General Order No. 44.

/////

/////

/////

/////

**THE ASSERTED PATENTS[1]**

10. The '203 Patent, entitled "Methods and Apparatus for Transmitting in Resource Blocks," issued on March 16, 2021 to inventors Ajit Nimbalker, Hossein Bagheri, Vijay Nangia, and Ravikiran Nory. The '203 Patent issued from U.S. Patent Application No. 16/712,948, filed on December 12, 2019. The '203 Patent claims priority to U.S. Patent Application No. 15/994,883, filed on May 31, 2018, which claims priority to U.S. Patent Application No. 15/628,438, filed on June 20, 2017, which claims priority to U.S. Patent Application No. 14/798,489, filed on July 14, 2015. A true and correct copy of the '203 Patent is attached as Exhibit A.

11. Lenovo US is the owner and assignee of the entire right, title, and interest in and to the '203 Patent and holds the right to sue and recover damages for infringement thereof.

12. The '203 Patent discloses a novel invention relating to resource block use and allocation. Prior to the '203 Patent, devices with wireless communications could need three steps to upload data: (1) send a scheduling request; (2) receive an uplink grant; and (3) transmit uplink data. Ex. A at Fig. 2; 3:66-4:11. "Each of the three steps adds to the overall delay that transmission of an uplink package can experience." *Id.* at 4:11. The '203 Patent improves on the prior art system by reducing the number of steps, thereby also reducing the overall delay. As shown in Figure 3, the device receives a contention-based uplink grant, and then uses the information contained in this uplink grant to transmit uplink data. *Id.* at 4:24-29. The embodiment disclosed in Figure 3 "can avoid the latency due to [the scheduling request] for some uplink transmissions." *Id.* at 4:29-31.

13. The '066 Patent, entitled "Wireless Wake-On-LAN Power Management," issued on September 7, 2010 to inventors Kazuo Fujii and Naotaka Katoh. The '066 Patent issued from U.S. Patent Application No. 10/874,683, which was filed on June 23, 2004. The '066 Patent

---

[1] All descriptions of the inventions are presented as general background and are not intended to be used for purposes of patent claim interpretation. Lenovo US presents these statements subject to, and without waiver of, its right to argue that claim terms should be construed in a particular way, as contemplated by claim interpretation jurisprudence and the relevant evidence.

1  claims priority to Japanese Patent Application No. 2003-181653, filed on June 25, 2003.  A true
2  and correct copy of the '066 Patent is attached as Exhibit B.

3  14. Lenovo US is the owner and assignee of the entire right, title, and interest in and to
4  the '066 Patent and holds the right to sue and recover damages for infringement thereof.

5  15. The '066 Patent discloses novel techniques for wireless local area network (LAN)
6  applications.  Ex. B.  For example, prior to the '066 Patent, there existed a need for techniques to
7  supply main power to devices included in a wireless LAN without intervention of an operator.  Ex.
8  B at 1:22-32.  The invention includes a wireless receiver that receives a wireless signal.  *See id.* at
9  Figs. 1-2.  The receiver is connected to a main system whose power is not on.  *Id.* at Fig. 4.  After
10 receiving a signal, it is determined whether a magic packet is contained.  *Id.*  If the "magic packet"
11 is present, a signal is sent to turn on the main power supply to the main system.  *See id.* at Fig. 4.
12 The invention claimed by the '066 Patent does not require a handshake with the wireless access
13 point.

14 16. The '189 Patent, entitled "Touchpad Diagonal Scrolling," issued on July 20, 2010
15 to inventors Richard W. Cheston, Daryl C. Cromer, Howard J. Locker, and Caroline Arrowood
16 Patzer.  The '189 Patent issued from U.S. Patent Application No. 11/041,054, filed on January 21,
17 2005.  A true and correct copy of the '189 Patent is attached as Exhibit C.

18 17. Lenovo US  is the owner and assignee of the entire right, title, and interest in and to
19 the '189 Patent and holds the right to sue and recover damages for infringement thereof.

20 18. The '189 Patent discloses a novel method for diagonal scrolling on the touchpad of
21 a device and a novel system that allows for such diagonal scrolling.  Prior to the '189 Patent,
22 touchpads and their associated software restricted scrolling to horizontal and vertical scrolling but
23 did not allow for diagonal scrolling.  The invention claimed in the '189 Patent allows a user "to
24 initiate a diagonal scroll at any location on a touchpad by using two fingers."  Ex. C at 1:43-45.
25 This allows for a greater amount of flexibility in interacting with the image on the display of the
26 user's device than had existed in the prior art.  The invention claimed in the '189 Patent can be
27 utilized in a variety of devices.

28 19. The '354 Patent, entitled "Dual Shaft Hinge with Angle Timing Shaft Mechanism,"

4

1 issued on April 1, 2014 to inventors Yoshiharu Uchiyama, Kenshin Yonemochi, and Akinori
2 Uchino.  The '354 Patent issued from U.S. Patent Application No. 13/361,861, filed on January
3 30, 2012.  A true and correct copy of the '354 Patent is attached as Exhibit D.

4     20. Lenovo US is the owner and assignee of the entire right, title, and interest in and to
5 the '354 Patent and holds the right to sue and recover damages for infringement thereof.

6     21. The '354 Patent discloses a novel electronic computing device hinge block which
7 enables a laptop to convert to a tablet configuration. Ex. D at Fig. 1A-E.  Prior to the '354 Patent,
8 a laptop computer could require additional hinges or complete detachment from the lower housing
9 to convert into a tablet.  The invention claimed in the '354 Patent includes an electronic computing
10 device comprised of an upper and lower housing, and a plurality of hinge blocks. *Id*. at 1:40-42.
11 Each hinge block contains an inhibitor stopper and is respectively connected to the upper and
12 lower housing of a computing device. *Id*. at 1:42-44.  The inhibitor stopper is "operatively
13 coupled" between the upper and lower housing of a computing device in such a way that the upper
14 housing is rotatable synchronously 360 degrees with respect to the lower housing on the plurality
15 of hinge blocks. *Id*. at 1:44-48. This allows a mobile computing device movement from its laptop
16 configuration to a tablet configuration.  *Id.* at Fig. 3F.

## COUNT I:  INFRINGEMENT OF THE '203 PATENT

18     22. Lenovo US incorporates by reference all preceding paragraphs as if stated herein.
19     23. The '203 Patent is valid and enforceable.
20     24. Lenovo US owns the entire right, title, and interest to the '203 Patent.
21     25. Defendants had actual knowledge of the '203 Patent and their infringement thereof
22 at least as early as the filing of this complaint.
23     26. Defendants have directly infringed and continue to directly infringe at least claims
24 1, 9, and 17 of the '203 Patent, both literally and under the doctrine of equivalents, by making,
25 having made, using, selling, offering for sale in the United States, and/or importing into the United
26 States, including within this judicial district, products that embody the inventions disclosed in the
27 '203 Patent, including the exemplary ASUS Zenbook Pro, in violation of 35 U.S.C. § 271(a).
28     27. An exemplary claim chart showing how the ASUS Zenbook Pro directly and/or

indirectly infringes claims 1, 9, and 17 of the '203 Patent is attached as Exhibit E.

28.     Defendants have induced and continue to induce infringement of the '203 Patent by actively and knowingly inducing others to make, have made, use, sell, offer for sale in the United States and/or import into the United States, including within this judicial district, products that embody the inventions disclosed in the '203 Patent, including the exemplary ASUS Zenbook Pro, in violation of 35 U.S.C. § 271(b). For example, Defendants have provided information and instruction on using the Accused Products in an infringing manner evidenced at least by: (1) marketing and sales materials provided to its customers and potential customers through its website and its other marketing activities; and (2) the instructions and information contained in Defendants' product guides and instructional materials.  For example, through its marketing, sales materials, product guides, and instruction materials, Defendants have actively encouraged, promoted, instructed, supported, and/or aided or abetted others to directly infringe at least claims 1, 9, and 17 of the '203 Patent; these documents demonstrate, for example, that the Accused Products support Wi-Fi 6 or 6E (802.11ax).  *See, e.g.*, https://www.asus.com/us/laptops/for-creators/zenbook/zenbook-pro-14-oled-ux6404/techspec/.

29.     Defendants have contributed and continue to contribute to the infringement of the '203 Patent by others by selling or offering to sell in the United States, including within this judicial district, products that embody the inventions disclosed in the '203 Patent, including the exemplary ASUS Zenbook Pro, which are especially made for infringing use, with the knowledge that such use is infringing, and with the knowledge that these products are part to such infringing uses and not a staple article or commodity of commerce suitable for substantial non-infringing use, in violation of 35 U.S.C. § 271(c).  For example, the Accused Products support Wi-Fi 6 or 6E, which is specially made or adapted to practice the invention claimed in at least claims 1, 9, and 17 of the '203 Patent.  The accused infringing functionality in the Accused Products has no substantial function or use other than practicing the invention claimed in at least claims 1, 9, and 17 of the '203 Patent.  The accused infringing functionality in the Accused Products constitutes a material part of the claimed invention recited in at least claims 1, 9, and 17 of the '203 Patent and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

30. Lenovo US has suffered, and will continue to suffer, immediate and irreparable harm as a result of Defendants' past and continuing infringement of at least claims 1, 9, and 17 of the '203 Patent, for which there is no adequate remedy at law. Unless enjoined by this Court, Defendants' infringement will continue, resulting in further irreparable harm to Lenovo US.

31. Lenovo US is entitled to recover from Defendants all damages Lenovo US has sustained as a result of Defendants' infringement of the '203 Patent, including lost profits and, at a minimum, not less than a reasonable royalty adequate to compensate for the infringement.

## COUNT II:  INFRINGEMENT OF THE '066 PATENT

32. Lenovo US incorporates by reference all preceding paragraphs as if stated herein.

33. The '066 Patent is valid and enforceable.

34. Lenovo US owns the entire right, title, and interest to the '066 Patent.

35. Defendants had actual knowledge of the '066 Patent and their infringement thereof at least as early as the filing of this complaint.

36. Defendants have directly infringed and continue to directly infringe at least claims 1, 10, and 16 of the '066 Patent, both literally and under the doctrine of equivalents, by making, having made, using, selling, offering for sale in the United States, and/or importing into the United States, including within this judicial district, products that embody the inventions disclosed in the '066 Patent, including the exemplary ASUS Zenbook Pro, in violation of 35 U.S.C. § 271(a).

37. An exemplary claim chart showing how the ASUS Zenbook Pro directly and/or indirectly infringes claims 1, 10, and 16  of the '066 Patent is attached as Exhibit F.

38. Defendants have induced and continue to induce infringement of the '066 Patent by actively and knowingly inducing others to make, have made, use, sell, offer for sale in the United States and/or import into the United States, including within this judicial district, products that embody the inventions disclosed in the '066 Patent, including the exemplary ASUS Zenbook Pro, in violation of 35 U.S.C. § 271(b). For example, Defendants have provided users with software specially adapted to use the Accused Products in an infringing manner evidenced at least by the computer code provided on the Accused Products, which are specially designed to allow the user to practice the invention claimed in at least claims 1, 10, and 16  of the '066 Patent.

1     39.     Defendants have contributed and continue to contribute to the infringement of the '066 Patent by others by selling or offering to sell in the United States, including within this judicial district, products that embody the inventions disclosed in the '066 Patent, including the exemplary ASUS Zenbook Pro, which are especially made for infringing use, with the knowledge that such use is infringing, and with the knowledge that these products are part to such infringing uses, and not a staple article or commodity of commerce suitable for substantial non-infringing use, in violation of 35 U.S.C. § 271(c).  For example, the Accused Products support functionality that allows a computer to wake based on a signal sent over a wireless network, which is specially made or adapted to practice the invention claimed in at least claims 1, 10, and 16 of the '066 Patent.  The accused infringing functionality in the Accused Products has no substantial function or use other than practicing the invention claimed in at least claims 1, 10, and 16 of the '066 Patent.  The accused infringing functionality in the Accused Products constitutes a material part of the claimed invention recited in at least claims 1, 10, and 16 of the '066 Patent and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

40.     Lenovo US has suffered, and continues to suffer, immediate and irreparable harm as a result of Defendants' past and continuing infringement of at least claims 1, 10, and 16 of the '066 Patent, for which there is no adequate remedy at law.  Unless enjoined by this Court, Defendants' infringement will continue, resulting in further irreparable harm to Lenovo US.

41.     Lenovo US is entitled to recover from Defendants all damages Lenovo US has sustained as a result of Defendants' infringement of the '066 Patent, including lost profits and, at a minimum, not less than a reasonable royalty adequate to compensate for the infringement.

**COUNT III:  INFRINGEMENT OF THE '189 PATENT**

42.     Lenovo US incorporates by reference all preceding paragraphs as if stated herein.

43.     The '189 Patent is valid and enforceable.

44.     Lenovo US owns the entire right, title, and interest to the '189 Patent.

45.     Defendants had actual knowledge of the '189 Patent and their infringement thereof at least as early as the filing of this complaint.

46.     Defendants have directly infringed and continue to directly infringe at least claims

8

1 and 9 of the '189 Patent, both literally and under the doctrine of equivalents, by making, having made, using, selling, offering for sale in the United States, and/or importing into the United States, including within this judicial district, products that embody the inventions disclosed in the '189 Patent, including the exemplary ASUS Zenbook Pro, in violation of 35 U.S.C. § 271(a).

47. An exemplary claim chart showing how the ASUS Zenbook Pro directly and/or indirectly infringes claims 1 and 9 of the '189 Patent is attached as Exhibit G.

48. Defendants have induced and continue to induce infringement of the '189 Patent by actively and knowingly inducing others to make, have made, use, sell, offer for sale in the United States and/or import into the United States, including within this judicial district, products that embody the inventions disclosed in the '189 Patent, including the exemplary ASUS Zenbook Pro, in violation of 35 U.S.C. § 271(b).  For example, Defendants have provided users with software specially adapted to use the Accused Products in an infringing manner evidenced at least by the software applications, including Google Chrome, supported by the Accused Products which, in conjunction with the touchpads incorporated into the Accused Products, are specially designed to allow the user to practice the invention claimed in at least claims 1 and 9 of the '189 Patent.

49. Defendants have contributed and continue to contribute to infringement of the '189 Patent by others by selling or offering to sell in the United States, including within this judicial district, products that embody the inventions disclosed in the '189 Patent, including the exemplary ASUS Zenbook Pro, which are especially made for infringing use, with the knowledge that such use is infringing, and with the knowledge that these products are part to such infringing uses and not a staple article or commodity of commerce suitable for substantial non-infringing use, in violation of 35 U.S.C. § 271(c). For example, the Accused Products support applications, such as Google Chrome and Adobe Acrobat, and incorporate hardware and firmware in their touchpads, which are specially made or adapted to practice the invention claimed in at least claims 1 and 9 of the '189 Patent.  The accused infringing functionality in the Accused Products has no substantial function or use other than practicing the invention claimed in at least claims 1 and 9 of the '189 Patent.  The accused infringing functionality in the Accused Products constitutes a material part of the claimed invention recited in at least claims 1 and 9 of the '189 Patent and is not a staple article

1  or commodity of commerce suitable for substantial non-infringing use.

2      50.    Lenovo US has suffered, and continues to suffer, immediate and irreparable harm
3  as a result of Defendants' past and continuing infringement of at least claims 1 and 9 of the '189
4  Patent, for which there is no adequate remedy at law.  Unless enjoined by this Court, Defendants'
5  infringement will continue, resulting in further irreparable harm to Lenovo US.

6      51.    Lenovo US is entitled to recover from Defendants all damages Lenovo US has
7  sustained as a result of Defendants' infringement of the '189 Patent, including lost profits and, at a
8  minimum, not less than a reasonable royalty adequate to compensate for the infringement.

## COUNT IV:  INFRINGEMENT OF THE '354 PATENT

10      52.    Lenovo US incorporates by reference all preceding paragraphs as if stated herein.

11      53.    The '354 Patent is valid and enforceable.

12      54.    Lenovo US owns the entire right, title, and interest to the '354 Patent.

13      55.    Defendants had actual knowledge of the '354 Patent and their infringement thereof
14  at least as early as the filing of this complaint.

15      56.    Defendants have directly infringed and continue to directly infringe at least claims
16  1 and 7 of the '354 Patent, both literally and under the doctrine of equivalents, by making, having
17  made, using, selling, offering for sale in the United States, and/or importing into the United States,
18  including within this judicial district, products that embody the inventions disclosed in the '354
19  Patent, including the exemplary ASUS Zenbook Flip 14, in violation of 35 U.S.C. § 271(a).

20      57.    An exemplary claim chart showing how the ASUS Zenbook Flip 14 directly and/or
21  indirectly infringes claims 1 and 7 of the '354 Patent is attached as Exhibit H.

22      58.    Defendants have induced and continue to induce infringement of the '354 Patent by
23  actively and knowingly inducing others to make, have made, use, sell, offer for sale in the United
24  States and/or import into the United States, including within this judicial district, products that
25  embody the inventions disclosed in the '354 Patent, including the exemplary ASUS Zenbook Flip
26  14, in violation of 35 U.S.C. § 271(b). For example, Defendants have provided information and
27  instruction on using the Accused Products in an infringing manner evidenced at least by: (1)
28  marketing and sales materials provided to its customers and potential customers through its

1  website and its other marketing activities; and (2) the instructions and information contained in

2  Defendants' product guides and instructional materials. For example, through its marketing, sales

3  materials, product guides, and instruction materials, Defendants have actively encouraged,

4  promoted, instructed, supported, and/or aided or abetted others to directly infringe at least claims 1

5  and 7 of the '354 Patent; these documents demonstrate, for example, that the Accused Products

6  include a flippable touchscreen with a 360º ErgoLift hinge. *See*, *e.g.*,

7  https://www.asus.com/us/laptops/for-home/zenbook/asus-zenbook-flip-14-ux461/.

8       59.    Defendants have contributed and continue to contribute to the infringement of the

9  '354 Patent by others selling or offering to sell in the United States, including within this judicial

10  district, products that embody the inventions disclosed in the '354 Patent, including the exemplary

11  ASUS Zenbook Flip 14, which are especially made for infringing use, with the knowledge that

12  such use is infringing, and with the knowledge that these products are part to such infringing uses

13  and not a staple article or commodity of commerce suitable for substantial non-infringing use, in

14  violation of 35 U.S.C. § 271(c). For example, the Accused Products have a flippable touchscreen

15  with a 360º hinge, which is specifically made or adapted to practice the invention claimed in at

16  least claims 1 and 7 of the '354 Patent. The accused infringing functionality in the Accused

17  Products has no substantial function or use other than practicing the invention claimed in at least

18  claims 1 and 7 of the '354 Patent.  The accused infringing functionality in the Accused Products

19  constitutes a material part of the claimed invention recited in at least claims 1 and 7 of the '354

20  Patent and is not a staple article or commodity of commerce suitable for substantial non-infringing

21  use.

22       60.    Lenovo US has suffered, and will continue to suffer, immediate and irreparable

23  harm as a result of Defendants' past and continuing infringement of at least claims 1 and 7 of the

24  '354 Patent, for which there is no adequate remedy at law.  Unless enjoined by this Court,

25  Defendants' infringement will continue, resulting in further irreparable harm to Lenovo US.

26       61.    Lenovo US is entitled to recover from Defendants all damages Lenovo US has

27  sustained as a result of Defendants' infringement of the '354 Patent, including lost profits and, at a

28  minimum, not less than a reasonable royalty adequate to compensate for the infringement.

## DAMAGES

62. As a result of Defendants' acts of infringement, Lenovo US has suffered actual and consequential damages. However, Lenovo US does not yet know the full extent of the infringement, and its extent cannot be ascertained except through discovery and special accounting. To the fullest extent permitted by law, Lenovo US seeks recovery of damages of lost profits and, at a minimum, no less than a reasonable royalty as a result of Defendants' past and ongoing infringement. Lenovo US further seeks all other damages to which Lenovo US is entitled under law or in equity.

## DEMAND FOR JURY TRIAL

63. Pursuant to Federal Rule of Civil Procedure 38(b), Lenovo US demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Lenovo US respectfully prays for the following relief:

A. the entry of judgment on the Complaint, including all claims, causes of action, and requests for relief therein, in favor of Lenovo US and against Defendants;

B. the entry of judgment that Defendants infringe the Asserted Patents;

C. the entry of judgment against Defendants, awarding Lenovo US actual damages in an amount sufficient to compensate Lenovo US for Defendants' direct and indirect infringement of the Asserted Patents, until such time as Defendants cease their infringing conduct;

D. the entry of judgment against Defendants, awarding Lenovo US enhanced damages pursuant to 35 U.S.C. § 284;

E. the entry of judgment against Defendants, awarding Lenovo US pre-judgment and post-judgment interest to the full extent allowed under the law, as well as its costs;

F. a determination that this is an exceptional case, and an award to Lenovo US of its reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

G. an order for an accounting of damages for Defendants' acts of infringement;

H. an award to Lenovo US of its costs of suit;

I. the entry of a permanent injunction, enjoining Defendants, their officers, directors,

agents, employees, parents, subsidiaries, affiliates, licensees, successors, and assigns, and those acting in concert or participation with them, from further acts of direct and/or indirect infringement of the Asserted Patents; and

   J. an award to Lenovo US of such further and additional relief, whether legal or equitable, that Lenovo US requests, that the Court determines Lenovo US to be entitled, or that the Court deems just and proper.

Dated: November 15, 2023   **DLA PIPER LLP (US)**

              */s/ Sean Cunningham*

Sean Cunningham
sean.cunningham@us.dlapiper.com
**DLA PIPER LLP (US)**
4365 Executive Drive, Suite 1100
San Diego, CA 92121
Tel: 858.677.1400
Fax: 858.677.1401

Clayton Thompson
clayton.thompson@us.dlapiper.com
**DLA Piper LLP (US)**
1201 West Peachtree Street, Suite 2900
Atlanta, GA 30309
Tel: 404-736-7800
Fax: 404-682-7800

Jake Zolotorev
jake.zolotorev@us.dlapiper.com
**DLA Piper LLP (US)**
3203 Hanover Street, Suite 100
Palo Alto, CA 94304
Tel: 650-833-2000
Fax: 656-833-2001

Benjamin Yaghoubian
benjamin.yaghoubian@us.dlapiper.com
**DLA Piper LLP (US)**
2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, CA 90067
Tel: 310-595-30

Helena D. Kiepura
*pro hac vice to be filed*
helena.kiepura@us.dlapiper.com
Daniel Valencia
*pro hac vice to be filed*
daniel.valencia@us.dlapiper.com
**DLA Piper LLP (US)**
500 Eighth Street, NW
Washington, DC 20066
Telephone: (202) 799-4000
Facsimile: (202) 799-5000

Claire Schuster
*pro hac vice to be filed*
claire.schuster@us.dlapiper.com
**DLA Piper LLP (US)**
33 Arch Street, 26th Floor
Boston, MA 02210
Telephone: 617-406-6000
Facsimile: 617-406-6100